## VOLHARD v. VOLHARD.

(Supreme Court, Appellate Division, First Department. November 23, 1906.)

1. APPEAL—RESETTLING CASE—INSERTING EXHIBITS.

An order resettling the case on appeal to include exhibits alleged by appellant to have been omitted should not be disturbed; it being for the trial court to determine what was before it.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 2, Appeal and Error, §§ 805, 811.]

2. SAME—FORM OF TITLE.

Complaint may not be made of the resettling of the case on appeal to have the title where appearing in the printed papers conform to that in the summons and complaint; the form of the title of the case being of no possible consequence.

3. COSTS—RESETTLING CASE ON APPEAL.

One who has the case on appeal resettled to insert matters overlooked by his attorney should pay the costs of reprinting the record made necessary thereby.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Costs, § 972.]

Appeal from Special Term.

Action by Frederick Volhard against Eliza Volhard, as executrix and individually. From an order resettling the case on appeal, defendant as executrix appeals. Modified and affirmed.

Argued before INGRAHAM, McLAUGHLIN, HOUGHTON, CLARKE, and SCOTT, JJ.

Carl A. Hansmann, for appellant.

Francis A. McCloskey, for respondent.

INGRAHAM, J. The order appealed from resettles the case on appeal by inserting therein an exhibit which it is alleged was before the court upon the trial, and inserting also a statement of a mortgage among the "digest of deeds, mortgages, and assignments," and amending the title of the case wherever the same may appear in the printed papers, so that the title should conform to that in the summons and complaint. It seems that this action was in equity, was tried at the Special Term, and judgment entered on the 17th day of January, 1905. The case was made and settled, and a stipulation signed waiving certification by the clerk. It was alleged by the plaintiff that there was omitted from the printed case two exhibits which were overlooked by his attorney; one being an abstract from the East Brooklyn Savings Bank, and another the recital of a mortgage which he asked to have inserted in the case, and that the title of the case conform to the title in the pleadings. This was a question to be determined by the trial judge, and I do not think that we should interfere with him in his determination of what was before him. The form of the title of the case is of no possible consequence. I think, however, that the plaintiff should have been required to pay the costs of reprinting the record made necessary by the amendment allowed.

It follows that the order appealed from should be modified accordingly, and, as modified, affirmed, without costs. All concur.